Filed 8/20/24  P. v. Alvarez CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>HECTOR CAYETANO ALVAREZ,<br><br>    Defendant and Appellant. | F086269<br><br>(Super. Ct. No. 20CMS-5759)<br><br>**OPINION** |

APPEAL from a judgment of the Superior Court of Kings County.  Kathy Ciuffini, Judge.

Audrey R. Chavez, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Louis M. Vasquez, Lewis A. Martinez, and William K. Kim, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

## INTRODUCTION

Appellant Hector Cayetano Alvarez was convicted of two counts of forcible lewd acts upon a child with aggravating circumstances, among other offenses. Appellant was sentenced to 25 years to life without possibility of parole. On appeal, he argues that substantial evidence does not support the jury's finding that appellant kidnapped the victim in the course of committing the sexual assault pursuant to Penal Code[1] section 667.61, subdivision (e)(1), because appellant did not move the victim a substantial distance. We affirm.

## PROCEDURAL HISTORY

On January 13, 2023, the Kings County District Attorney filed an amended information charging appellant with two counts of forcible lewd acts upon a child under age 14 (§ 288, subd. (b)(1); counts 1, 2), dissuading a witness from reporting a crime (§ 136.1, subd. (b)(1); count 3), meeting a minor for lewd purposes (§ 288.4, subd. (b); count 4), and resisting an executive officer (§ 69; count 5). The district attorney alleged aggravating circumstances pursuant to section 667.61, subdivision (e)(1), (3), and (5) (as to count 1) and section 667.61, subdivisions (e)(1), (3), and (d)(4) (as to count 2) and sought a sentence of life in prison without possibility of parole pursuant to section 667.61, subdivision (j)(1) (as to counts 1, 2).

On January 25, 2023, a jury found appellant guilty on all charges and found true aggravating circumstances pursuant to section 667.61, subdivision (e)(1), (3), and (5). On April 12, 2023, the trial court sentenced appellant to life without possibility of parole on counts 1 and 2, plus a total determinate term of three years, eight months on counts 4 and 5. The two-year term on count 3 was stayed.

---

[1] Undesignated statutory references are to the Penal Code.

## STATEMENT OF FACTS

In 2019, K.A. was 11 years old and living with her mother, father, and aunt. One day, appellant, who was married to K.A.'s other aunt, was delivering oranges to K.A.'s house. K.A. was alone in the house but was told by her mother to open the door for appellant.

When appellant arrived, he entered the house and left the oranges on the floor. He covered K.A.'s mouth and told her not to yell, then held and forced her to walk to her bedroom, a distance of 35 feet.[2] He closed the door to K.A.'s bedroom and took her clothes off. Holding a knife to K.A.'s neck, appellant tied her hands behind her back with a rag and sexually assaulted her by penetrating her vagina with his penis and groping her.

After appellant finished, he took a shower in K.A.'s parent's bedroom and told her not to tell anyone or he was going to do "something" to her mother, who was pregnant with K.A's younger brother at the time.

Another time, when K.A. was 11 years old, she was invited to the apartment of her other aunt and appellant. K.A.'s aunt and K.A.'s four cousins were at the apartment when K.A. arrived. Appellant arrived later, and shortly afterward, K.A.'s aunt went to the store. K.A. stayed with the children and appellant took a nap. When appellant woke up, he called out to K.A.'s cousin to tell K.A. to come into the bedroom, but K.A. refused.

Instead K.A. took her four cousins to a nearby park. However, one of the cousins wanted water, so K.A. returned to the apartment to get some. Appellant saw K.A. had returned and took her with her hands behind her back to a bedroom. Inside the bedroom, appellant pulled out a knife and told K.A. not to scream. Appellant put K.A. facedown on the bed, took off her clothes, and tied her hands with a rag.

---

[2] K.A. testified that her bedroom was about 40 feet from the front door, however, both the People and appellant stipulated the distance was 35 feet.

3.

Appellant sexually assaulted K.A. again by penetrating her vagina with his penis. Appellant told K.A. not to say anything or he would do "something" to her parents and little brother. He then went to his bathroom, and K.A. got out of the apartment and called her parents to pick her up.

In March of 2020, K.A. told her mother about appellant sexually assaulting her. On October 30, 2020, K.A.'s mother spoke with officers about the assaults. The following Monday, K.A. participated in a forensic interview where she disclosed both incidents.

Appellant was ultimately arrested after communicating with a decoy Facebook account operated by the Avenal Police department. Appellant arranged to meet who he believed to be a 14-year-old girl for sex and was arrested at the front door of the agreed-upon address with condoms in his possession.[3]

## DISCUSSION

### I. Substantial Evidence Supports the Section 667.61, Subdivision (e)(1) Sentencing Factor.

Appellant argues there is not substantial evidence supporting the section 667.61, subdivision (e)(1) kidnapping enhancement for count 1 or count 2 because appellant did not move K.A. a "substantial distance" as required by section 207, subdivision (e). We find this case factually distinguishable from *People v. Perkins* (2016) 5 Cal.App.5th 454 (*Perkins*) and affirm.

### A. Legal Standard

Pursuant to section 667.61, a conviction for lewd and lascivious conduct in violation of section 288, subdivision (b) carries a sentence 25 years to life without the possibility of parole, when two or more circumstances under section 667.61,

---

[3] The facts regarding appellant's arrest are abrogated as they are not pertinent to the legal issues presented in the instant appeal.

4.

subdivision (e) are found true. In relevant part, these circumstances include when "the defendant kidnapped the victim of the present offense in violation of Section 207, 209, or 209.5."[4] (§ 667.61, subd. (e)(1).)

Section 207, subdivision (a)[5] defines kidnapping as "[e]very person who forcibly, or by any other means of instilling fear, steals or takes, or holds, detains, or arrests any person in this state, and carries the person … into another part of the same county."

"For purposes of those types of kidnapping requiring force, the amount of force required to kidnap an unresisting infant or child is the amount of physical force required to take and carry the child away a substantial distance for an illegal purpose or with an illegal intent." (§ 207, subd. (e).)

" '[I]n determining whether the victim was moved for a "substantial distance" ' we 'consider the "totality of the circumstances" ... including factors like "whether that movement increased the risk of harm above that which existed prior to the asportation, decreased the likelihood of detection, and increased both the danger inherent in a victim's foreseeable attempts to escape and the attacker's enhanced opportunity to commit additional crimes." ' [Citation.] '[C]onsideration of the "scope and nature" of the movement or changed environment' of the victim [citation] and 'whether the distance a victim was moved was incidental to the commission of [an associated] crime' are also

---

[4]    The jury found true two additional circumstances: (1) appellant personally used a dangerous or deadly weapon or firearm in the commission of the present offense (§ 667.61, subd. (e)(3)); and (2) appellant engaged in the tying or binding of the victim or another person in the commission of the present offense (§ 667.61, subd. (e)(5).) Appellant does not challenge these findings on appeal.

[5]    Section 209, aggravated kidnapping, encompasses the elements of simple kidnapping pursuant to section 207, with additional requirements. We therefore need not discuss its applicability because we find substantial evidence supports a section 207 finding. Section 209.5 refers to kidnapping during the commission of a carjacking, which is not relevant to the instant case.

relevant factors." (*People v. Nieto* (2021) 62 Cal.App.5th 188, 199, second & fourth bracketed insertions added (*Nieto*).)

Even if actual distance is not proven, " 'no minimum distance is required to' prove kidnapping 'so long as the movement is substantial ….' [Citation.] 'Where movement changes the victim's environment, it does not have to be great in distance to be substantial.' " (*Nieto, supra*, 62 Cal.App.5th at p. 200.) When movement is substantial, "it [is] not incidental 'even though it may have been solely to facilitate the commission of the' crime." (*Ibid.*)

On appeal, this court "must determine whether a reasonable trier of fact could have found the prosecution sustained its burden of proving the defendant guilty beyond a reasonable doubt." (*People v. Johnson* (1980) 26 Cal.3d 557, 576.) We "examine the whole record in the light most favorable to the judgment to determine whether it discloses substantial evidence—evidence that is reasonable, credible and of solid value—such that a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt." (*People v. Kraft* (2000) 23 Cal.4th 978, 1053.) Substantial evidence includes circumstantial evidence and any reasonable inferences drawn from that evidence. (*In re Michael D.* (2002) 100 Cal.App.4th 115, 126.)

## B. Analysis

Appellant argues there is insufficient evidence to support appellant's movement of K.A. in either the first or second sexual assault was substantial. Appellant argues the distance was not great in the first assault in K.A.'s home and was not proven at all in the second assault at appellant's apartment. Appellant further argues the movement did not increase K.A.'s fear or suffering or reduce the likelihood of detection or the chance of K.A. to escape. Appellant relies on *Perkins* to support his conclusions.

In *Perkins*, the defendant sodomized the 11-year-old victim first in the bathroom, then in the bedroom of a one-bedroom apartment. (*Perkins, supra*, 5 Cal.App.5th at pp. 459–460.) The defendant was found guilty of two "one strike" enhancements

pursuant to section 667.61—the aggravated kidnapping enhancement pursuant to subdivision (j)(1) and the simple kidnapping enhancement pursuant to section 667.61, subdivision (j)(2). (*Perkins*, at p. 463.) The aggravated kidnapping enhancement requires that the movement of the victim substantially increase the risk of harm to the victim. (*Id.* at p. 465.) The simple kidnapping enhancement requires that the defendant move the victim a substantial distance. (*Id.* at p. 464.)

The *Perkins* court concluded in relevant part, "The movement was for a short distance inside a small private residence from one room to another. We agree … that movement from one room to another inside a small apartment, without a substantial increase in the risk of harm or other characteristic showing the movement to be a separate crime, does not constitute a movement 'into another part of the same county' that is not merely incidental to the underlying sex crime. (§ 207.)" (*Perkins, supra*, 5 Cal.App.5th at p. 470.)

The *Perkins* court noted there was no evidence the door to either the bathroom or the bedroom was closed during the incidents, or that the bathroom was visible from the living room such that the change in location affected the risk of detection. (*Perkins, supra*, 5 Cal.App.5th at p. 470.) Likewise, there was no evidence that the movement increased the danger of the victim's foreseeable attempt to escape, although the bedroom, assuming it was larger than the bathroom, may have given the victim more of an opportunity. (*Ibid.*) Finally, the court noted that there was insufficient evidence that moving the victim enhanced the defendant's opportunity to commit additional crimes and the defendant "had the opportunity to commit whatever crime he wanted in both rooms, and he did." (*Ibid.*)

However, that the movement was for a short distance or within the same structure is not dispositive. In *People v. Waqa* (2023) 92 Cal.App.5th 565 (*Waqa*), the defendant confronted the victim in a women's restroom with a smaller and a larger stall. (*Id.* at p. 574.) The victim was in the smaller stall when the defendant grabbed her and dragged

7.

her, struggling and screaming, to the larger stall where he raped her. (*Ibid.*) The larger stall was farther from the restroom exit, and the defendant locked the stall door. (*Ibid.*)

The appellate court found substantial evidence of simple kidnapping.[6] (*Waqa, supra*, 92 Cal.App.5th at p. 583.) "A reasonable juror could conclude that dragging [the victim] from the small stall to the large stall was movement of a substantial distance because it took her farther from the restroom's exit and gave [the defendant] more room to maneuver, facilitating the rape and other potential crimes." (*Ibid.*)

The appellate court also noted that the movement was not merely incidental to the rape. "That [the defendant] did not need to move [the victim] to rape her further supports the conclusion that the movement was not merely incidental. ' "[A] rape ... does not necessarily require movement to complete the crime." [Citation.] Where a defendant drags a victim to another place, and then attempts a rape, the jury may reasonably infer that the movement was neither part of nor necessary to the rape' such that the movement was not incidental. [Citations.] Here, there is no dispute that [the defendant] could have raped [the victim] in the small stall. Thus, even though the movement to the large stall facilitated the rape, there was substantial evidence that the movement was not merely incidental to the crime." (*Waqa, supra*, 92 Cal.App.5th at p. 584, third & fourth bracketed insertions in original.)

In *People v. Robertson* (2012) 208 Cal.App.4th 965 (*Robertson*), the defendant conducted Christian services inside his detached garage, which was outfitted with several rows of pews, a pulpit, and a large rectangular wooden tub that resembled a coffin. The tub was lined with black plastic and filled with water. (*Id.* at p. 972.) The defendant lured the victim, a member of his congregation, into the detached garage and raped her.

---

[6] The *Waqa* court found insufficient evidence of aggravated kidnapping because there was not substantial evidence that the movement substantially increased the risk of harm to the victim as required by section 209. (*Waqa, supra*, 92 Cal.App.5th at pp. 579–580.)

(*Id.* at p. 973.)  Prior to raping her, the defendant forced the victim to move from the back of the detached garage to the front, past two rows of pews and toward the tub.  (*Ibid.*)

This court concluded the movement from the back of the garage to the front was not merely incidental to the rape.  (*Robertson, supra*, 208 Cal.App.4th at p. 984.)  This court found, "Where a defendant drags a victim to another place, and then attempts a rape, the jury may reasonably infer that the movement was neither part of nor necessary to the rape."  (*Ibid.*)  Likewise, that the movement occurred inside a garage was not dispositive.  (*Id.* at p. 986.)  " 'Where movement changes the victim's environment, it does not have to be great in distance to be substantial.' "  (*Ibid.*)  This court then noted that "[o]nly when [the victim] was as far away from the back door as possible and near the tub did [the defendant] order her to undress and then raped her."  (*Id.* at p. 985.)

We find the instant case comparable to *Waqa* and *Robertson*, while *Perkins* is distinguishable on its facts.  Although the movements here happened within private residences, during the first assault appellant moved K.A. from the living room, an open space near the front door, to the bedroom, an enclosed space farther into the house.  The facts also show appellant closed the bedroom door.  During the second assault, appellant again moved K.A. from outside a bedroom, into a bedroom, although the facts don't show specifically where in the apartment K.A. was at the time appellant restrained her.

In both assaults, the movement was not a great distance but changed K.A.'s environment by taking her from a relatively open space nearer the front door to a bedroom farther from the front door.  This both made it more difficult for K.A. to escape and made it less likely that appellant would be discovered if K.A.'s parents came home during the first assault, or K.A.'s aunt came home during the second assault.  Finally, moving K.A. to the bedroom gave appellant access to a bed, which enhanced appellant's opportunity to commit additional crime.  A reasonable jury could find the movements decreased the likelihood of detection, increased the danger inherent in a victim's foreseeable attempts to escape, and enhanced the attacker's opportunity to commit

9.

additional crimes.  (See *Nieto, supra*, 62 Cal.App.5th at p. 199.)  Thus, substantial evidence supports the jury's finding that the movements were substantial.

Likewise, the movements were not merely incidental to the sexual assaults.  In *Perkins*, the defendant assaulted the victim in both the bathroom and the bedroom.  (*Perkins, supra*, 5 Cal.App.5th at pp. 459–460.)  The *Perkins* court noted that the defendant "had the opportunity to commit whatever crime he wanted in both rooms, and he did."  (*Id.* at p. 470.)  Much like in *Waqa*, there is no dispute in this case that appellant could have assaulted K.A. outside the bedrooms—appellant was inside private residences and there were no other people in the homes at the time of both assaults.  But appellant chose to move K.A. to a bedroom in both instances.

"Where a defendant drags a victim to another place, and then attempts a rape, the jury may reasonably infer that the movement was neither part of nor necessary to the rape."  (*Robertson, supra*, 208 Cal.App.4th at p. 984.)  As in *Robertson*, and in contrast to *Perkins*, appellant only assaulted K.A. when she was far from the front doors of the residences and inside the bedrooms.  Thus, even though movement to the bedrooms facilitated the assaults in both instances, there is substantial evidence it was not merely incidental to the crimes.

## DISPOSITION

The judgment is affirmed.


HILL, P. J.

WE CONCUR:


MEEHAN, J.


SNAUFFER, J.